# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ROLFE GODFREY and KIRSTINE GODFREY, husband and wife and their marital community composed thereof, | No. 46963-4-II |
| Appellants, | |
| v. | |
| STE. MICHELLE WINE ESTATES LTD, dba CHATEAU STE. MICHELE, a Washington corporation; and SAINT-GOBAIN CONTAINERS, INC. | UNPUBLISHED OPINION |
| Respondents, | |
| and | |
| ROBERT KORNFELD, | |
| Additional Appellant. | |

LEE, A.C.J. — This case again comes before us on remand from our Supreme Court for reconsideration in light of *State v. Lile*, 188 Wn.2d 766, 398 P.3d 1052 (2017). After considering *Lile*, we hold that the trial court erred in rejecting an affidavit of prejudice because the stipulated order extending witness disclosure deadlines was not a discretionary decision. Accordingly, we reverse and remand for further proceedings.

## FACTS

In 2010, Godfrey, while working as a server, was injured after a bottle of Ste. Michelle wine shattered in his hand. In 2012, Godfrey filed a product liability suit against Ste. Michelle, asserting manufacturing and design defects.

On June 7, 2013, Judge Garold E. Johnson entered an order amending the case schedule. The order included dates for the parties to disclose their witnesses and discovery deadlines. The pretrial conference was set for the week of June 16, 2014. And the trial date was set for July 7, 2014.

On December 19, 2013, Godfrey's case was reassigned to Judge Katherine M. Stoltz. On January 6, 2014, Judge Stolz entered a stipulated order extending the deadline for the parties to disclose witnesses to each other. The stipulated order did not change the pretrial conference date or the trial date.

On March 3, Godfrey signed an affidavit of prejudice against Judge Stoltz. On March 7, Godfrey moved to have Judge Stolz recused based on the affidavit of prejudice. Judge Stolz ruled that Godfrey's affidavit and motion were not timely because she had already signed a discretionary order in the case. After the bench trial, the trial court dismissed Godfrey's product liability claim and entered judgment in favor of Ste. Michelle.

Godfrey appealed, arguing in relevant part that the trial court erred by rejecting Godfrey's affidavit of prejudice. *Godfrey v. Ste. Michelle Wine Estates Ltd.*, noted at 195 Wn. App. 1007, 1-2 (July 19, 2016). In a previous opinion, we held that the trial court's signing of a stipulation and order to extend the parties' deadline for witness disclosures was not a discretionary decision. *Id.* at 2-3. Because signing the stipulation and order was not a discretionary decision, the trial court erred in rejecting the affidavit of prejudice, and we reversed. *Id.* at 3.

Our Supreme Court subsequently decided *State v. Lile*. In *Lile*, the Court held that the trial court's ruling on an agreed motion for trial continuance was a discretionary decision for purposes of RCW 4.12.050. 188 Wn.2d at 778. The Court reasoned that continuances, regardless of the

parties' agreement, "have a significant impact on the efficient operation of our courts and the rights of the parties, particularly in criminal proceedings." *Id.*. Following its decision in *Lile*, the Supreme Court granted Ste. Michelle's petition for review in this case, and remanded to this court for reconsideration in light of *Lile*.

## ANALYSIS

A.      *STATE V. LILE*

In *Lile*, the parties orally requested that the trial court continue the trial date based on their agreement. 188 Wn.2d at 771. The trial court orally granted the trial continuance. *Id*. The defendant subsequently filed an affidavit of prejudice. *Id*. The trial court ruled that the affidavit of prejudice was untimely because its ruling on the agreed continuance was discretionary. *Id* at 772.

The Supreme Court held that the trial court's ruling on the parties' agreed trial continuance was a discretionary act for purposes of RCW 4.12.050. *Id.* at 778. The Court emphasized that in determining whether a ruling involves discretion for purposes of RCW 4.12.050, the most relevant consideration is the substance and impact of a request—not the form of the request. *Id*. Where the request impacts the duties and functions of the trial court, a ruling on the request is discretionary for purposes of RCW 4.12.050. *Id*. But a ruling on a stipulated agreement is nondiscretionary where the agreement affects only the rights or convenience of the parties, and does not impact or interfere with the duties and functions of the court. *Id*.

Continuances of trial dates, regardless of whether the parties agree, "have a significant impact on the efficient operation of our courts and the rights of the parties, particularly in criminal proceedings." *Id.*. A ruling on an agreed trial continuance involves discretion because the court

3

must consider the request's impact on " 'various factors, such as diligence, materiality, due process, a need for an orderly procedure, and the possible impact of the result on the trial.' " *Id.* at 776 (internal quotation marks omitted) (quoting *In re Recall of Lindquist*, 172 Wn.2d 120, 130, 258 P.3d 9 (2011), *as corrected* (Sept. 7, 2011)). And because the motion for a continuance impacted the duties and functions of the trial court, the trial court's ruling on the motion to continue the trial date involved discretion. *Id.* at 778.

B.      STIPULATED ORDER EXTENDING WITNESS DISCLOSURE DEADLINES

The stipulated order extending witness disclosure deadlines changed only the dates the parties had to make witness disclosures to each other; it did not change any court dates. Ste. Michelle argues that "*Lile* holds that the inquiry for discretion under RCW 4.12.050 is whether the parties had the right to the relief sought, or whether the court had discretion to grant or deny the relief. *Lile*, 188 Wn.2d at 788." Suppl. Br. of Resp't at 6. Ste. Michelle essentially argues that the inquiry in determining whether a ruling was discretionary under RCW 4.12.050 is whether the court had discretion. Ste. Michelle's argument begs the question of how to determine whether a ruling is discretionary for purposes of RCW 4.12.050.

*Lile* instructs us, however, on how to determine whether a ruling on a stipulated agreement is discretionary for purposes of RCW 4.12.050. *Lile* expressly held that we determine whether a ruling on a stipulated agreement is discretionary by considering the substance and impact of the request. *Lile*, 188 Wn.2d at 778. If the request impacts the functions and duties of the courts and the efficient operation of the courts, then the ruling is discretionary for purposes of RCW 4.12.050. If the request impacts only the rights or convenience of the parties, and does not interfere with the duties and function of the court, then the ruling is nondiscretionary. *Id.*.

No. 46963-4-II

Here, the stipulated order extending the deadline for the parties to disclose witnesses to each other impacted only the parties' convenience. The stipulated order extending witness disclosure deadlines did not impact the court's calendar, the operation of the court, the parties' rights, orderly procedure, or due process because it did not change any of the court dates set in the case schedule. Unlike in *Lile*, the parties here did not request a trial continuance or otherwise seek a change that would impact the court's schedule.

Under the framework presented in *Lile* for determining whether a ruling on a stipulated agreement is discretionary for purposes of RCW 4.12.050, Judge Stolz's ruling was not discretionary because the substance and impact of the stipulated order extending witness disclosure deadlines did not impact the court's functions or duties. Therefore, we again determine that the trial court erred by finding that Godfrey's affidavit of prejudice was untimely. Because the affidavit of prejudice was timely, we reverse and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Worswick, J.

_____
Bjorgen, J.

5